Troy, Paul E., J.
In his complaint, the plaintiff, David Nelson (“Nelson”), seeks damages to compensate for medical malpractice and breach of contract allegedly committed by the defendants, Doctor David Phillips (“Dr. Phillips”), Bosley Medical Group, P.C. and Bosley Medical Institute, Inc. (collectively “Bosley”). As Dr. Philips was the plaintiffs treating physician, the plaintiff alleges Bosley is liable on the theory of respon- *256 deat superior. Bosely has moved for summary judgment on all claims pursuant to Mass.R.Civ.P. 56. For the reasons set forth below, the defendants’ motion for summary judgment is DENIED.
There is evidence in the summaiy judgment record that the relationship between Bosley and Dr. Phillips was one of master and servant. It is generally accepted that a physician performing medical services acts as an independent contractor unless the hospital has the power to control or direct the physician’s professional conduct. See g., Harnish v. Children’s Hosp. Med. Ctr., 387 Mass. 152, 159 (1982). Specifically, a physician may be deemed a servant if the hospital, directs or controls the details of the physician’s physical activities. Hohenleitner v. Quorum Health Res., Inc., 435 Mass. 424, 432 [no liability unless hospital has direction or control over the physician’s "professional conduct”] (2001); Kelly v. Rossi, 395 Mass. 659, 662 (1985); Hopper v. Callahan, 408 Mass. 621, 634 (1990) (finding the trial court properly denied summaiy judgment because the record did not adequately address a clinical director’s right to control work schedules and supervise activities). Here, the record contains evidence that after Bosley trained Dr. Phillips in hair transplant surgery in Bosley’s California facility, Bosley paid him to perform Bosley-sanctioned hair transplant procedures for Bosley’s clients,[2] in Bosley’s facilities, with the assistance of Bosley’s nurses. This evidence raises a factual issue as to whether Bosley had the right to direct or control Dr. Phillips. Therefore, summaiy judgment for lack of a master-servant relationship is inappropriate.
In addition, there is evidence in the summaiy judgment record supporting a theoiy of liability based upon apparent or ostensible authority. Such authority exists when the conduct of a principal causes a third party to believe a particular party has the authority to act for the principal. Peters v. Haymarket Leasing, Inc., 64 Mass.App.Ct. 767, 773 (2005), citing Hudson v. Massachusetts Property Ins. Underwriting Assn., 386 Mass. 450, 457 (1982). Here, the record indicates that Bosley and Dr. Phillips worked in tandem to attract and treat patients seeking treatment for baldness. Consequently, Nelson could have reasonably relied on an apparent principal-agent relationship thereby making summaiy judgment for the defendants inappropriate.
The summary judgment record also supports Nelson’s claim for breach of contract. Here, the court must look to “whether the physician made a statement which, in the context of the relationship, could have been reasonably interpreted by the patient as a promise that a given result or cure would be achieved.” Clevenger v. Haling, 379 Mass. 154, 159 (1979). Neither party disputes that Bosley and Dr. Phillips represented that they could reduce Nelson’s baldness using hair transplant surgeiy. Thus, Nelson has presented evidence, in the context of the doctor-patient relationship, that the defendants’ statements could reasonably be construed as a promise. Therefore, Nelson’s breach of contract claim must also survive summaiy judgment. Accordingly, the defendants’ motion for summaiy judgment is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summaiy judgment is DENIED.

See the Information and Consent to Operate form in which patients acknowledge reviewing written statements which include Bosley Medical Group’s current fee schedule for all procedures and the physician’s current recommendations.